IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER ANDREW HALE,    )
       )
    Plaintiff,      )
       )
    vs.       )   Civil Action No. 22-14-E
       )
KILOLO KIJAKAZI,    )
       )
    Defendant.    )

ORDER

AND NOW, this 20th day of March 2023, the Court, having considered the parties' cross-motions for summary judgment, will grant Defendant's motion except as to costs.[1] The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1] Defendant has asked not only for a favorable determination of her summary judgment motion, but also that costs be taxed against Plaintiff. The latter request is unargued in her accompanying brief; therefore, the Court's Order excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to bring an issue before the courts).

[2] Plaintiff has argued that the ALJ's decision is not supported by substantial evidence because the ALJ erred in his evaluation of medical opinion evidence authored by consultative examiner ("CE"), Mary Donikowski, NP. As explained herein, the Court disagrees and will affirm the ALJ's non-disability determination.

Upon the Appeals Council's denial of Plaintiff's request for review of the ALJ's decision, the ALJ's decision became the final agency determination of Plaintiff's disability. 20 C.F.R. § 416.1481. The Court reviews his findings of fact for "substantial evidence." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Substantial evidence is not a particularly demanding evidentiary threshold as it requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). But while this standard is deferential, reviewing courts

"retain a responsibility to scrutinize the entire record and to reverse or remand if the . . . decision is not supported by substantial evidence." *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

An ALJ's evaluation of alleged disability proceeds in five steps. 20 C.F.R. § 416.920(a)(4)(i)—(v). Pursuant thereto an ALJ asks "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009); 20 C.F.R. § 416.920(a)(4)(i)—(v). Before an ALJ can resolve the inquiries presented at steps four and five, he or she must first formulate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.945(a)(5). A claimant's RFC is a finding of "the most [he or she] can still do despite [his or her] limitations," and it must be "based on all the relevant evidence in [the claimant's] case record." *Id.* § 416.945(a)(1). For benefits applications filed on or after March 27, 2017, an ALJ's consideration of medical opinion evidence is subject to 20 C.F.R. § 416.920c. Pursuant thereto, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [a claimant's] medical sources." *Id.* § 416.920c(a). Instead, an ALJ must "evaluate the persuasiveness of medical opinions" using the five factors identified in subsection 416.920c(c), which are: supportability, consistency, relationship with the claimant, specialization, and "[o]ther factors." *Id.* §§ 416.920c(a), (c)(1)—(5).

The "most important factors" are "supportability . . . and consistency." *Id.* § 416.920c(b)(2). The regulations specifically direct ALJs to articulate their consideration of these two factors in the decision or determination of a claimant's disability. *Id.* The terms supportability and consistency are explained in subsections 416.920c(c)(1) and (2). For supportability, the regulations explain that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(1). For consistency, the regulations explain that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(2). One court has explained the difference between supportability and consistency thus: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Pipkin v. Kijakazi*, No. CV 22-2-E, 2023 WL 411291, at *1 n.2 (W.D. Pa. Jan. 25, 2023) (quoting *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021)).

In this matter, Plaintiff filed an SSI application on July 6, 2020. (R. 15). The ALJ found Plaintiff had no substantial gainful activity since his application date and had six severe medically determinable impairments, including "diabetes mellitus with neuropathy." (R. 17). Plaintiff was not found to have impairments that met or equaled criteria for a listed impairment

(R. 18), so the ALJ formulated Plaintiff's RFC wherein he found Plaintiff to be capable of a reduced range of light work. (R. 19). Light work demands lifting up to twenty pounds "with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). It also generally "requires a good deal of walking or standing." *Id.* That is, light work typically demands "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," though standing may be "more critical than the ability to walk." SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983). After he found Plaintiff's RFC the ALJ further found that, though Plaintiff could not return to past work, he could adjust to other work that existed in sufficient numbers in the national economy; therefore, the ALJ determined Plaintiff was not disabled. (R. 24—25).

Plaintiff's argument is that the ALJ erred in his evaluation of evidence toward the RFC finding, specifically, that the ALJ erred in his consideration of NP Donikowski's opinions. The ALJ found NP Donikowski's opinions had "some persuasive value." (R. 23). The ALJ did not fully accept NP Donikowski's opinions with respect to Plaintiff's ability to stand and walk. (*Id.*). NP Donikowski examined Plaintiff and opined he could stand four hours and walk three hours total in an eight-hour workday, but that he could only stand for two hours and walk for one hour at a time. (R. 436). The ALJ found those opinions were "not fully supported" and inconsistent with other evidence. (R. 23). Plaintiff has argued the ALJ's explanation of his analysis is conclusory and that the ALJ's error in this regard harmed him because NP Donikowski's standing and walking opinions are not necessarily consistent with light work. Setting aside Defendant's argument that NP Donikowski's standing/walking opinions were consistent with light work, the Court herein addresses the alleged deficiencies in the ALJ's analysis.

It is critical that an ALJ's evaluation of medical opinions' persuasiveness includes a clear expression of the ALJ's consideration of supportability and consistency. *Kenyon v. Saul*, No. 1:20-CV-1372, 2021 WL 2015067, at *1 (M.D. Pa. May 19, 2021) (criticizing the ALJ's "enigmatic" evaluation of a State agency expert's opinion where the ALJ curtly explained the opinion was "not . . . entirely persuasive"). However, ALJs are not required to "employ particular 'magic' words." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009). All of NP Donikowski's opinions were conveyed largely by checkmarks and, in the limited space she had to provide supporting explanations, she indicated "Neuropathy" was the causal factor. (R. 435—40). In notes from her examination that accompanied the medical source statement, NP Donikowski indicated, *inter alia*, that Plaintiff's gait and stance were "normal" and that he had full strength in his extremities, but that there was decreased sensation from his knees to the feet. (R. 432—33). In his partial rejection of NP Donikowski's opinions, the ALJ noted a lack of support and further explained that despite Plaintiff's foot neuropathy, "he had not yet been seen by the podiatrist or endocrinologist" despite his primary care physician's ("PCP") referral in July 2019. (R. 23). The ALJ also explained that there was conflicting evidence insofar as August 2019 records showed diminished sensation in Plaintiff's feet, but Plaintiff indicated to his PCP in January 2020 that his neuropathy was "not too bad" with Gabapentin. (*Id.*).

3

The Court is satisfied with that evaluation.  The ALJ only briefly addressed supportability, but that is not unexpected as NP Donikowski's opinions were rendered largely without accompanying explanations.  (R. 435—40).  Plaintiff has argued that NP Donikowski's examination finding of decreased sensation "from [the] knees to [the] feet" (R. 433) constituted support for her standing and walking opinions.  However, it is not clear to the Court how that finding would constitute support for the specific degree of limitation opined by NP Donikowski.  Not only that, but the ALJ specifically considered this examination finding.  (R. 22).  Accordingly, the Court is confident that any failure by the ALJ to more fully articulate his consideration of supportability did not affect the outcome of this matter and does not require remand.  *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005); *Pipkin*, 2023 WL 411291, at *1 n.2 (explaining the ALJ's failure to consider supportability was harmless where there were no explanations or evidence offered in support of opinions).

For consistency, the ALJ supported his finding by reference to evidence of conservative treatment (failure to follow up with a specialist) and evidence that Plaintiff's neuropathy was tolerable with medication.  (R. 23).  Plaintiff's challenge to this component of the ALJ's persuasiveness analysis is that the ALJ failed to explain how he accounted for evidence of, *e.g.*, decreased sensation in August 2019 in his finding of inconsistency with NP Donikowski's standing and walking limitations.  The ALJ discussed this evidence alongside evidence that Plaintiff improved with medication, and Plaintiff has argued he only had partial relief from neuropathy with medication.  Plaintiff has also argued the ALJ's reliance on his conservative treatment is undermined by Plaintiff's treatment with an endocrinologist when he was first diagnosed with diabetes.  However, the Court is satisfied by this examination of the consistency factor.  In his decision, the ALJ thoroughly reviewed evidence from the relevant period of Plaintiff's neuropathy which included "burning and pain in the extremities."  (R. 22).  He also considered notes in the record indicating that Plaintiff's "[n]europathy [is] not too bad unless he runs out of the gabapentin" (R. 483), as well as Plaintiff's testimony that his medication was for "neuropathic pain" that was "accompanied by numbness."  (R. 20).  Despite this evidence, the ALJ still found the extent of NP Donikowski's opined limitations related thereto was belied by evidence of conservative treatment including that he had not sought specialized care in the two years preceding his hearing.  (R. 20, 23).  Conservative treatment may provide substantial evidence to support an ALJ's findings.  *Sudler v. Comm'r of Soc. Sec.*, 827 Fed. Appx. 241, 245 (3d Cir. 2020).  And, in this case, the Court finds that the ALJ's reliance on conservative treatment to find some inconsistency among NP Donikowski's standing and walking limitations and the objective evidence constitutes an adequate explanation of the consistency finding.  For this and the foregoing reasons, the Court will affirm the ALJ's decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED as specified above.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of Record